UNITED STATES of America,
Plaintiff–Appellee,

v.

James A. CAPWILL, Defendant–
Appellant.

Nos. 03–3565, 03–3634.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

Virginia D. Hearey, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

David A. Sierleja, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, John S. Pyle, Gold, Schwartz & Company, Cleveland, OH, for Defendant–Appellant.

Before MARTIN, COLE, and GIBBONS, Circuit Judges.

## ORDER

James Capwill appeals his judgments of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal jury sitting in Cleveland, Ohio (Nugent, J.), found Capwill guilty of multiple fraud and tax violations. Thereafter, Capwill entered into sentencing stipulations in the Cleveland case and a guilty plea in the United States District Court sitting in Toledo, Ohio (Katz, J.), to a separate but related money laundering charge. The sentencing stipulations and the plea agreement provided that the district court sitting in Cleveland (Nugent, J.) would impose a combined sentence on both cases based on the parties' agreements as to the application of the sentencing guidelines and Capwill's waiver of all relevant rights to appeal. The Cleveland court sentenced Capwill to 151 months of imprisonment and three years of supervised release. The amount of restitution Capwill

would be ordered to pay, however, was left unresolved. Capwill appealed. The appeal from the judgment in the Cleveland case was docketed in this court as Case Number 03–3565. The appeal from the judgment in the Toledo case was docketed in this court as Case Number 03–3634.

Pursuant to the parties' agreement, the final amount of restitution was to be based on how much money a Receiver appointed in related civil litigation could recover to offset the loss. Thus, the amount of restitution was to be based on the Receiver's anticipated accounting report in that civil litigation. However, the final accounting report was never completed because the district court (Katz, J.) presiding over the civil litigation determined that the accounting report was unnecessary for resolution of the civil case.

In light of the foregoing, the district court presiding over Capwill's sentencing (Nugent, J.) ordered counsel for the parties to meet with the Receiver, review the documentation concerning the Receiver's recovery of money, and present evidence at a hearing. The district court conducted a hearing at which it was determined that in the Cleveland case, $16,828,044 would be deducted from the original $38,885,294 restitution order. In the Toledo case, $1,357,845 would be deducted from the original $23,200,000 restitution order.

Upon the determination of the final restitution order, Capwill's counsel filed joint motions to dismiss the appeals. Inasmuch as Capwill has not signaled his consent to dismiss the appeals, defense counsel moves to withdraw and has filed an identical "no merit" brief in each appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Capwill has not responded to his counsel's motions to withdraw, despite being informed of his opportunity to do so.

Upon review, we hereby grant the motions to withdraw as counsel in Case Numbers 03–3565/3634 as they reflect that counsel has reviewed the records and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeals to be without merit, counsel submits the following issue for review: whether Capwill should be resentenced in the Cleveland case without being bound by any of the sentencing stipulations and whether Capwill's guilty plea in the Toledo case should be vacated because the condition precedent for resolution of both cases; to wit, the filing of an accounting report that was supposed to establish the amount of restitution, was never completed.

We have reviewed the records and discovered no error warranting reversal of Capwill's convictions and sentence. Accordingly, we grant counsel's motions to withdraw and affirm the district court's judgments pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.